RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1/23/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **KENNETH GEORGE** | **CIVIL ACTION NO.: 11-1523** |
| **VERSUS** | **JUDGE HAIK** |
| **COIL TUBING SERVICES, LLC** | **MAGISTRATE JUDGE HANNA** |

## REASONS FOR JUDGMENT

### I. Facts

On July 22, 2011, Plaintiff, Kenneth George, brought suit against his former employer, Coil Tubing Services, L.L.C.[1], in Louisiana State Court, 15th Judicial District, for retaliatory discharge.[2] On September 13, 2010, Plaintiff was injured in the course and scope of his employment while working in the Gulf of Mexico. Although Dr. Winston Riehl released Plaintiff to return to work the following day, Plaintiff went to his physician of choice, Dr. Michel Heard, who placed Plaintiff on a "no work" status through the present time. Thereafter, Plaintiff filed a claim for worker's compensation benefits with the U.S. Department of Labor in the Longshore and Harbor Workers Compensation Division on October 18, 2010. As a result, Plaintiff began receiving workers compensation benefits from September 20, 2010 through March 30, 2011. In the interim, Defendant requested a second medical opinion from Dr. Gregory Gidman, who, on January 4, 2011, found that Plaintiff could return to work immediately with restrictions and limitations at a moderate level, and could return to full duty 21 days thereafter.

Pursuant to Dr. Gidman's finding, Defendant sent Plaintiff a certified letter on March 11, 2011, reiterating Dr. Gidman's finding and informing Plaintiff that it has a position that would accommodate his restrictions. This letter requested that Plaintiff contact Defendant within 10 days. Significantly, this letter stated, "[s]hould I NOT hear from you by phone, in writing or in person I will assume that you are not interested in this work offer accommodating Dr. Gidman's recommendations." Not having heard from Plaintiff within the requested 10-day period, Defendant sent Plaintiff another certified letter on March 31, 2011. In this letter, Defendant provided Plaintiff "one final opportunity" in case of any misunderstanding, and requested Plaintiff undergo a Functional Capacity Evaluation on April 14, 2011. Defendant further requested Plaintiff to make the appointment, and if he does not do so, Defendant "will have no choice but to inform Human Resources of you [sic] refusal to return to modified duty work at which point your employment terminate [sic]."

---

[1] On December 22, 2011, Defendant's unopposed motion to substitute Schlumberger Technology Corporation for Coil Tubing Services, L.L.C. was granted.
[2] This matter was later removed to this Court on August 19, 2011.

1

Plaintiff never contacted Defendant. As a result, Defendant filed a Notice of Final Payment of workers compensation benefits on April 4, 2011, and Plaintiff was terminated on April 14, 2011. The reason for Plaintiff's termination was "failure to report to work." Plaintiff now brings this Motion for Summary Judgment, arguing that his termination was clearly retaliatory in nature for filing for workers compensation benefits in violation of Louisiana Revised Statute 23:1361(B).

## II. Plaintiff's Contentions

Plaintiff argues that he is entitled to summary judgment because his termination was clearly retaliatory for filing a workers compensation claim. Plaintiff argues that Defendant violated Louisiana Revised Statute 23:1361 by ordering him to follow its doctor's order or he would be terminated, despite what his treating physician prescribed. Plaintiff further argues that because there was a conflict between the company doctor and the treating physician, Defendant's appropriate remedy should have been through the courts, namely the Department of Labor. At the very least, Plaintiff argues, Defendant should have requested an independent medical examination prior to terminating him. As a policy reason, Plaintiff contends that allowing Defendant to terminate him for the reason it did would provide employers with a loophole where they could easily discharge a workers compensation claimant.

For these reasons, Plaintiff prays that summary judgment be entered in its favor, as no issues of material fact are in dispute.

## III. Defendant's Opposition

Defendant contends that Plaintiff is unable to show, by a preponderance of the evidence, that his discharge was in any way related to his filing for workers compensation benefits. First, Defendant argues that Plaintiff has ignored the second part of the asserted Louisiana Revised Statute that essentially allows an employer to terminate employees, like Plaintiff, who can no longer perform the duties of their job. In support of its argument, Defendant points out that Plaintiff and his physician have admitted that Plaintiff is still currently on a "no work" status, making him unable to perform the duties of his employment.

Second, Defendant argues that contrary to Plaintiff's assertion, the circumstantial evidence here shows that Plaintiff was either disinterested in any job with Defendant or he could not perform any job. Defendant emphasizes Plaintiff's lack of communication with Defendant despite the two letters requesting communication.

Finally, Defendant also argues that there could not have been any retaliatory discharge here since the evidence shows that Plaintiff was, in fact, receiving benefits from Defendant. Defendant notes that, had Plaintiff been terminated for filing for benefits, he would have been fired six months earlier when he initiated the filing. Defendant offered Plaintiff a modified duty position after he had already filed for benefits. For these reasons, Defendant requests that summary judgment not be entered at this time.

## IV. Analysis

### A. Standards

#### 1. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when the record establishes "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." When considering a motion for summary judgment, the moving party has the burden of demonstrating that it is entitled to summary judgment and the court must view all of the evidence in the light most favorable to the non-moving party. *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir. 2002); *see, Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

#### 2. Retaliatory Discharge Burden of Proof

To recover for a retaliatory discharge, the plaintiff must establish by a preponderance of the evidence that he was discharged because of his asserted workers compensation claim. *See Meyer v. State, Dept. of Public Safety*, 312 So. 2d 289, 292 (La. 1975). The plaintiff can prove this through either direct evidence or circumstantial evidence sufficient to establish that plaintiff's termination was more probably than not a result of his workers compensation claim. *Chivletto v. Sportsman's Cove, Inc.*, 907 So. 2d 815, 819 (La. App. 5th Cir. 2005). Of course, because employers will rarely admit that an employee's termination was due to filing for workers compensation, most plaintiffs rely on circumstantial evidence to prove retaliatory discharge. *Id.* at 819.

The employer then has an opportunity to provide a non-discriminatory reason for the discharge. If the trial court finds that it is more probable than not that the employer's stated explanation for the discharge is retaliatory, then the employee is entitled to recovery. *Id.* However, "if the employer gives a non-discriminatory reason for the discharge, and presents sufficient evidence to prove more probably than not that the real reason for the employee's discharge was something other than the assertion of the workers' compensation claim, the plaintiff is precluded from recovery." *Id.*

### B. Plaintiff Has Not Provided Sufficient Evidence To Justify Summary Judgment At This Time

Louisiana Revised Statute 23:1361(B) provides in pertinent part, "[n]o person shall discharge an employee from employment because of said employee having asserted a claim for benefits under the provisions of this Chapter or under the law of any state or of the United States." In support of its Motion, Plaintiff argues that he has proven retaliatory discharge due to the fact that even though his physician placed him on "no work" status, Defendant required him to return to work and terminated him for not going to work. Plaintiff argues that he was ultimately terminated because of his request for workers compensation benefits.

3

However, these facts do not, by itself, support entering summary judgment at this time. Although there is a genuine dispute between the two physicians involved regarding Plaintiff's ability to work, the facts are clear that the link between Plaintiff's filing for workers compensation and his termination is tenuous. Specifically, Plaintiff received workers compensation benefits from Defendant for six months prior to his termination and the time between Plaintiff's filing for benefits and his termination was seven months. Had Defendant been motivated by Plaintiff's filing, it would have terminated Plaintiff prior to this large lapse in time.

Even more significant, Defendant sent Plaintiff two letters requesting communication. Plaintiff never responded. At the very least, Plaintiff could have responded reiterating his inability to work or could have requested his physician to send a letter; however, nothing was done. This total lack of communication is questionable. For these reasons, Plaintiff is unable to assert facts sufficient to justify entering summary judgment.

### C. Louisiana Revised Statute Does Not Prohibit Employers From Terminating Employees Who Are Unable To Perform Their Work Duties

Although the Louisiana Revised Statute 23:1361(B) prohibits retaliatory discharges, that statute does nothing to "prohibit an employer from discharging an employee who because of injury can no longer perform the duties of his employment." Defendant relies on this part of the statute in its Opposition; however, Plaintiff was not afforded the opportunity to properly defend against this assertion. Accordingly, the Court chooses to forgo its discussion at this time, and notes Defendant's pending summary judgment motion.

## V. Conclusion

The Court has reviewed the record and considered Plaintiff's motion for summary judgment, viewing the evidence in the light most favorable to Defendant, the nonmoving party. The record reveals that there are remaining genuine issues of material fact, especially given the evidence Plaintiff ignored Defendant's requests for communication.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment [Doc. 18] is hereby **DENIED**.

**THUS DONE AND SIGNED** at Lafayette, Louisiana on this ___24th___ day of January, 2012.

HONORABLE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA